UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-5
O

| Case No. | **CV 13-00688 DMG (MANx)** | Date | May 1, 2013 |
|---|---|---|---|

| Title | *Century Surety Company v. Mark Houston, et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS—ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM PRIOR ORDER [DOC. # 12]**

On January 31, 2013, Plaintiff Century Surety Company filed a declaratory judgment action against Defendants Mark Houston, Marshall Vore, and Johnny Houston, seeking an adjudication regarding a duty to defend Mark and Johnny Houston.   On March 15, 2013, Defendants Mark and Johnny Houston filed a motion to dismiss or stay the proceedings.   The Court granted the motion to stay for lack of opposition on April 1, 2013 ("4/1/13 Order").   [Doc. # 11.]

On April 2, 2013, Plaintiff filed a motion for relief from the 4/1/13 Order under Federal Rule of Civil Procedure 60(b)(1).   [Doc. # 12]   Plaintiff has indicated that the failure to oppose the motion was due to an inadvertent calendaring error.   (Decl. of Lisa Darling-Alderton ("Darling-Alderton Decl.") ¶ 7 [Doc. # 11].)

A court may grant relief from a prior order for, *inter alia*, mistake or excusable neglect. Fed. R. Civ. P. 60(b)(1).   "Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence, and includes omissions caused by carelessness."   *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal quotations omitted).   While attorney carelessness does not automatically constitute grounds for relief, *see Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997), the determination "is at bottom an equitable one."   *Lemoge*, 587 F.3d at 1192.

In the Ninth Circuit, a court considers four factors in a request for relief:   "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."   *Id.* (quoting *Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1223-24 (9th Cir.2000)).   Here, the delay between the 4/1/13 Order and this motion was a single day, and the motion was filed a mere two business days after the missed deadline.   This is as small a delay as possible given the error.   The reason for the delay is unquestionably neglect, but it was unintentional, and seems to have been a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-5

O

| Case No. | **CV 13-00688 DMG (MANx)** | Date | May 1, 2013 |
|---|---|---|---|

| Title | *Century Surety Company v. Mark Houston, et al.* | Page | 2 of 2 |
|---|---|---|---|

good faith error, as Plaintiff's counsel had prepared the opposition save for a final edit.  (Darling-Alderton Decl. ¶ 5.)   The only outcome of granting this request would be that Defendants' motion to dismiss or stay would be considered on the merits.  This outcome cannot be considered prejudicial.  Therefore, under the four-factor test, Plaintiff's error in this instance was excusable neglect.

In light of the foregoing, Plaintiff's motion for relief from the 4/1/13 Order is **GRANTED**.  The 4/1/13 order is hereby **VACATED**, and this case shall be reopened.  Plaintiff shall file an opposition to Defendants' motion to dismiss or stay by **May 3, 2013**.  Defendants may file a reply, if any, by **May 10, 2013**.  A hearing on Defendants' motion will be reset if   the Court deems it necessary.

**IT IS SO ORDERED.**

---

CV-90                                   **CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk MS